995 F.2d 306
 301 U.S.App.D.C. 406
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America, Appellee,
v.
Leon Benjamin PRATT, Appellant.
UNITED STATES of America, Appellee,
v.
Bruno Antonio CYRUS, Appellant.
 Nos. 92-3063, 92-3064.
 United States Court of Appeals, District of Columbia Circuit.
 May 11, 1993.
 
 Before: MIKVA, Chief Judge; D.H. GINSBURG, and SENTELLE, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 These causes came on to be heard on an appeal from the United States District Court for the District of Columbia and were argued by counsel. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 14(c). For the reasons set forth in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED by this Court that the judgment of the District Court from which this appeal has been taken is affirmed.
 
 
 3
 It is FURTHER ORDERED, sua sponte, that the Clerk shall withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15(b)(2).
 
 MEMORANDUM
 
 4
 Leon Benjamin Pratt and Bruno Cyrus appeal from convictions of one count each of possession of cocaine base, in excess of five grams, with intent to distribute in violation of 21 U.S.C. § 841(a)(1) (1988); using or carrying a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1) (1988); possessing cocaine with the intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C) (1988); and two counts each of possessing cocaine with intent to distribute within one thousand feet of a school, in violation of 21 U.S.C. §§ 841(a)(1), 860(a) (1988 & Supp. II 1990). Each asserts error in the District Court's refusal to dismiss on speedy trial grounds, denial of a motion for judgment of acquittal on insufficiency of the evidence, and limitations placed on cross-examination of a prosecution witness. Cyrus additionally assigns error in the denial of the severance motion and in the calculation of the sentence. Finding all assignments to be without merit, we affirm.
 
 
 5
 Both appellants claim that the prosecution violated the Speedy Trial Act, 18 U.S.C. § 3161(b) (1988), which requires indictment within thirty days of defendant's arrest on federal charges, and the Due Process Clause. Their claim arises out of the fact that the prosecution originally charged them in District of Columbia Superior Court. We dispensed with similar claims in United States v. Mills, 964 F.2d 1186 (D.C.Cir.) (en banc), cert. denied, 113 S.Ct. 471 (1992). We see nothing in this case distinguishing it from Mills. While our en banc decision in Mills left open the possibility that excessive and strategic pre-indictment delay might, in an appropriate case, constitute a violation of due process, see id. at 1192, this is not that case. As in Mills, "there [is] no evidence here that the U.S. Attorney made transfer decisions to evade the strictures of the [Speedy Trial] Act." Id.
 
 
 6
 As to Cyrus's argument that the District Court erred in denying his motion to sever a portion of the charges against him, we note that the question of severance under Rule 8, Fed.R.Crim.P., is committed to the District Court's sound discretion and is reviewable only for abuse. United States v. Lane, 474 U.S. 438, 449 n. 12 (1986). Here, we not only find no demonstration of abuse of discretion, but Cyrus's failure to demonstrate actual prejudice would likely preclude us from reversing on this basis in any event since the evidence of the charges in question would have been admissible in a separate trial as relevant to Cyrus's state of mind and intent. Rule 404(b) Fed.R.Evid. See United States v. Lane, 474 U.S. at 450.
 
 
 7
 As to limitations placed on the cross-examination of the government witness, a police officer who had been involved in the search disclosing some of the drugs in a locked tool box, we note that the evidence Pratt sought to elicit--that the officer and his colleagues found no key to the lock on Pratt or elsewhere--came into evidence through other witnesses. Therefore, any error in the Court's limitation could not have prejudiced either appellant, and accordingly we grant no relief. See Fed.R.Crim.P. 52(a) (providing that "[a]ny error, defect, irregularity or variance which does not affect substantial right shall be disregarded").
 
 
 8
 As to the sufficiency of the evidence, our review "is limited to determining 'whether after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " United States v. Poston, 902 F.2d 90, 94 (D.C.Cir.1990) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). After conducting that limited review, we find the evidence to be sufficient as to both appellants on all charges.
 
 
 9
 Finally, Cyrus claims that the District Court erred in two respects in calculating his sentence. First, he asserts that the court erred in applying a two-level increase for obstructing the administration of justice, based on his threatening gestures toward a prosecution witness and the prosecutor after the verdict. He argues that threatening gestures made after the verdict cannot constitute an obstruction of justice. We disagree. The Sentencing Guidelines expressly authorize the court to increase by two levels, the offense level "[i]f the defendant willfully obstructed or impeded or attempted to obstruct or impede, the administration of justice during the ... prosecution or sentencing of the instant offense." United States Sentencing Guidelines Section 3C1.1 (November 1992) (emphasis added). A threatening gesture between the verdict and sentencing falls within that Guideline.
 
 
 10
 Cyrus's second sentencing assignment--that he was entitled to a two-level downward adjustment for acceptance of responsibility--is also without merit. While it is possible for a defendant who has pleaded not guilty to nonetheless receive a reduction, it is not usual. The reduction for acceptance of responsibility "is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." Id. Section 3E1.1(a), application note 2.
 
 Conclusion
 
 11
 While we have not discussed every aspect of each defendant's arguments, we have carefully reviewed each allegation of error and find them all to be without merit. Therefore, the judgment of the District Court is affirmed.